GULOTTA, Judge.
Plaintiff appeals from a judgment dismissing his action for property damage to his automobile in the sum of $526.46 arising out of an intersectional automobile accident.
On September 15, 1970, at approximately 6:00 p. m., plaintiff, Joseph A. Banos, was driving his automobile east on West Esplanade Street in the Parish of Jefferson while Michael Reed was driving his automobile north on Neyrey Street. There was a stop sign at the intersection controlling traffic on Neyrey. West Esplanade is a two-way street and has the right-of-way.
The Reed vehicle, after stopping in obedience to the stop sign, proceeded into the intersection whereupon the right front of the Banos vehicle struck the left front of the Reed vehicle at a point about halfway into the east bound traffic lane of West Esplanade (Banos’ lane). The trial judge in denying plaintiff’s claim concluded he was contributorily negligent. In brief and in argument, Reed concedes his own negligence; however, he insists the record supports the finding of plaintiff’s contributory negligence, thereby defeating his claim.
In this connection, we inquire as to the duty Banos has while driving on a favored street when approaching an intersection controlled by a stop sign and what could Banos have done that he did not do? What acts or omissions of Banos constitute contributory negligence ?
The trial judge in that part of his reasons for judgment pertaining to the question of contributory negligence said:
“Defendant proved by a preponderance of the evidence that plaintiff was guilty of contributory negligence in that he failed to exercise care and caution when he approached this intersection.”
While the reasons of the trial judge appear to find fault with plaintiff’s action upon approaching the intersection, defendant, Reed, argues that plaintiff’s negligence consisted in traveling at an excessive rate of speed and by not doing that which he reasonably could have done to avoid striking the Reed vehicle.
We do not find the record supports Reed’s claim that the plaintiff was traveling at an excessive rate of speed. Banos testified that he was traveling 30 miles per hour[1] prior to the accident. Deputy James Cavalier of the Jefferson Parish Sheriff’s Office, Traffic Division, corroborates the plaintiff’s testimony. He stated that plaintiff told him at the time of the accident investigation that he was traveling at a speed of 30 miles per hour. Neither Michael Reed nor his sister, Anne, nor Charles Abadie, passengers in the Reed automobile at the time of the accident, saw the approaching Banos vehicle prior to the accident. Neither of these guest passengers testified as to plaintiff’s rate of speed. To the contrary, they testified only that they saw the plaintiff's vehicle only after hear *64 ing the screeching of brakes and immediately prior to impact. Michael Reed did say, however, that Banos appeared to be going at a high rate of speed. Other than Michael’s supposition, the only other reference, in the entire record, as tó plaintiff’s rate of speed being excessive was a statement allegedly made by Banos to Reed immediately after the accident, overheard by Reed’s sister Anne, that he (Banos) was driving too fast. This is not sufficient evidence to establish that Banos was traveling at an excessive rate of speed.
The record further reflects that West Esplanade Avenue has no sharp curves which might obstruct plaintiff’s view of the intersection. Only Abadie suggested that there may be a curve in the road a block and a half to two blocks away from the scene in the direction from which the Banos vehicle was traveling.
Defendant’s latter argument suggests that plaintiff had more than ample' opportunity to go into the oncoming traffic lane of West Esplanade in front of defendant’s stopped vehicle, thereby avoiding the accident. Reed claims that he was in a stopped position before the impact and no oncoming traffic was approaching on West Esplanade which would have prevented plaintiff’s maneuver to avoid striking him. We find no merit in this argument. We cannot conclude from the record that plaintiff’s actions were other than reasonable under the circumstances. Reed’s automobile came into the intersection when plaintiff was too close to be able to avoid striking defendant’s vehicle. Plaintiff explained his failure to swerve into the other traffic lane in front of the Reed vehicle because of oncoming traffic in that lane. He tried to swerve to the right to avoid the accident but to no avail. Reed’s testimony that traffic was heavy in both directions on West Esplanade corroborates the plaintiff’s explanation of his failure to swerve into the approaching traffic lane.
The jurisprudence is clear that a motorist driving on the right-of-way street has a right to assume that any driver approaching an intersection from the less favored street controlled by a stop sign will stop and not enter the intersection without observing that it is clear and safe to do so. KOOB v. Cooperative Cab Co., 213 La. 903, 35 So.2d 849. Therefore, Banos had no duty to anticipate that Reed would drive into his path when it was too late to avoid the collision. We fail to find, from the record, that Banos breached any duty imposed on him as the driver on a right-of-way street approaching the intersection.
It is our opinion, therefore, that the trial judge erred in placing too heavy a burden or standard of care upon the driver on a right-of-way street. We fail to find that Banos breached any duty which would re-suit in his contributory negligence.
Accordingly, the judgment of the trial court is reversed. It is now ordered that there be judgment in favor of plaintiff, Joseph A. Banos, and against the defendant, Michael C. Reed,[2] in the full and true sum of $526.46 together with judicial interest from the date of demand and for all costs. Judgment reversed.
Reversed and rendered.

. Tlie speed limit was 35 miles per hour on West Esplanade and 20 miles per hour on Neyrey.

. Initially, suit was filed against Michael C. Reed and Corwin B. Reed, individually and as administrator of the estate of his minor child, Michael C. Reed. An exception of misjoinder filed by Corwin Reed was maintained dismissing plaintiff's action against him for the reason that Michael Reed had been judicially emancipated on August 5, 1970, prior to the date of the accident.